**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID M. RYDER,
                    Appellant,

          v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
PH-844E-13-1894-I-1

DATE: September 9, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cornelius J. P. Sullivan</u>, Esquire, Mattapan, Massachusetts, for the
    appellant.

<u>Thomas L. Styer</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

denying the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　The appellant was a City Letter Carrier with the United States Postal Service. Initial Appeal File (IAF), Tab 4 at 21. He resigned from employment on June 22, 2011, *id.* at 22, and applied to OPM for FERS disability retirement annuity benefits, *id.* at 19-28, 174-79. In his application, he based his request for benefits on the following conditions: bipolar disorder, chronic post-traumatic stress disorder (PTSD), depression, anxiety, work-related stress, mood lability,[2]

---

[2] Mood lability is a term used in the field of psychology to refer to a poorly-modulated emotional response that falls outside the conventionally accepted range and may be marked by a great fluctuations in mood. *See* Theodore P. Beauchaine et al., *Polyvagal Theory and Developmental Psychopathology: Emotion Dysregulation and Conduct Problems from Preschool to Adolescence*, 74 BIOLOGICAL PSYCHOLOGY 2, 174-84 (2007).

colitis,[3] hypertension, IgA nephropathy,[4] tinnitus,[5] hypothyroidism, kidney cysts, and cardiac arrest. *Id.* at 19. OPM issued an initial decision denying the appellant's application for disability retirement benefits. *Id.* at 13-17. The appellant requested reconsideration and OPM again denied his request for disability retirement benefits. *Id.* at 4-8. The appellant filed an appeal of OPM's reconsideration decision. IAF, Tab 1. In an initial decision, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 17, Initial Decision (ID) at 1, 14. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶3        An individual bears the burden of proving by preponderant evidence his entitlement to disability retirement. *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 1201.56(a)(2). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) the individual must have completed at least 18 months of creditable civilian service; (2) the individual, while employed in a position subject to FERS, must have become disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed;

---

[3] Colitis is inflammation of the large intestine. George Longstreth, *Colitis*, MEDLINEPLUS (Oct. 13, 2013), http://www.nlm.nih.gov/medlineplus/ency/article/001125.htm.

[4] IgA nephropathy is a kidney disease that occurs when an antibody called immunoglobulin A (IgA) lodges in the kidneys and results in local inflammation. *IgA Nephropathy*, MAYO CLINIC (Apr. 19, 2013), http://www.mayoclinic.org/diseases-conditions/iga-nephropathy/basics/definition/CON-20034366.

[5] Tinnitus is noise or ringing in the ears. *Tinnitus*, MAYO CLINIC (Feb. 5, 2013), http://www.mayoclinic.org/diseases-conditions/tinnitus/basics/definition/con-20021487.

(4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position. *Henderson*, 109 M.S.P.R. 529, ¶ 8; 5 C.F.R. § 844.103(a); *see* 5 U.S.C. § 8451(a).

¶4    The Board has held that there are two ways to meet the statutory requirement that the individual "be unable, because of disease or injury, to render useful and efficient service in the employee's position"; namely, by showing that the medical condition:  (1) caused a deficiency in performance, attendance, or conduct; or (2) is incompatible with useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the standard is the same under both the Civil Service Retirement System and FERS).  Under the first method, an individual can establish entitlement by showing that the medical condition affects his ability to perform specific work requirements or prevented him from being regular in attendance or caused him to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16.  Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Id.*

¶5    A determination of disability is based on objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of the individual's condition on his ability to perform the duties of his position. *Id.*, ¶ 19.  The ultimate question, based on all relevant evidence, is:  Do the individual's medical impairments preclude him from rendering useful and efficient service in his position? *Id.*, ¶ 20.  This question must be answered in the affirmative if the totality of the evidence makes that conclusion more likely to be true than not true. *Id.*

¶6          Here, the administrative judge properly considered the totality of the evidence and concluded that the appellant failed to prove by a preponderance of the evidence that his medical condition prevented him from rendering useful and efficient service in his former position.

¶7          In his petition for review, the appellant argues that the administrative judge erred by substituting his opinion for the agency's opinion as expressed in the Supervisor's Statement and Agency Certification of Reassignment and Accommodation Efforts.  PFR File, Tab 1 at 2; *see* IAF, Tab 4 at 21-26 (Standard Forms 3112B and 3112D).  The appellant claims that the agency "certified that the appellant could not provide [useful and efficient] service."  PFR File, Tab 1 at 2.  We disagree.  The agency did not certify that the appellant could not provide useful and efficient service.  *See* IAF, Tab 4 at 21-26.  Instead, the appellant's supervisor stated in the Supervisor's Statement his opinion that the appellant has had unacceptable conduct since October 2006.  *See id.* at 21-23.  The Supervisor's Statement does not prove that the appellant had a medical condition that caused his unacceptable conduct, nor does it suggest that the appellant's supervisor believed that the appellant's unacceptable conduct was caused by a medical condition.  Moreover, the appellant was diagnosed with bipolar disorder and PTSD on April 26, 2011, more than 5 years after October 2006.  *Id.* at 84.  The diagnosing psychiatrist also noted that the appellant never needed treatment for his bipolar disorder or PTSD until his diagnosis.  *Id.* at 74, 76.  Therefore, the Supervisor's Statement concerning the appellant's unacceptable conduct is not dispositive and the administrative judge did not improperly substitute his opinion for the agency's opinion.  As a result, we agree with the administrative judge that the appellant failed to meet the statutory requirement of 5 U.S.C. § 8451(a)(1)(B) to show that his medical condition caused a deficiency in performance, attendance, or conduct.  *See Henderson*, 117 M.S.P.R. 313, ¶ 16.

¶8        The appellant also claims on review that the administrative judge erroneously discounted the appellant's subjective evidence.  PFR File, Tab 1 at 2. Contrary to the appellant's claim, the administrative judge explicitly expressed his disagreement with OPM's insistence that a psychological disability must be supported by objective evidence.  ID at 12.  Even though the medical opinions of psychiatrists are based primarily on the appellant's own descriptions of symptoms and indicia of disability, OPM still must consider such medical evidence.  *See Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1041 (Fed. Cir. 2007).  The administrative judge properly considered the appellant's affidavit and description of his symptoms as told to health care providers, ID at 3, 6-9, in concluding that the appellant failed to prove that his medical condition was disabling or incompatible with useful and efficient service, ID at 12-13.  Thus, the administrative judge properly considered all pertinent evidence in the record, including the appellant's subjective evidence of pain and disability.

¶9        Next, the appellant argues that the administrative judge should not have considered the improvement of the appellant's mental health to mean that he has fully recovered.  PFR File, Tab 1 at 2-3.  The administrative judge did not state that the appellant was fully recovered and recognized that the appellant's treatment is ongoing.  *See* ID at 13.  However, the administrative judge properly considered the extent to which the appellant's disability could or could not be controlled.  *Id.*; *see Smedley v. Office of Personnel Management*, 108 M.S.P.R. 31, ¶ 23 (2008).  Thus, the administrative judge properly considered the appellant's mental health improvement with therapy and medicine to determine whether the appellant proved an inability to provide useful and efficient service.

¶10       Further, the appellant objects to the administrative judge's consideration of the appellant's ability to work for his family business.  PFR File, Tab 1 at 2.  The appellant distinguishes his ability to work for his family business from his inability to work for the agency, given the less-stressful work environment and accommodating nature of his family business.  *Id.*  We recognize that the

appellant's work for his family business might differ from his work at the agency. *See, e.g.*, *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶¶ 15-16 (2009) (the appellant's position after her resignation entailed very different responsibilities from her former agency position). In fact, the administrative judge gave adequate consideration to the appellant's testimony on his work for his family business. ID at 3-4. However, the administrative judge properly considered evidence concerning the appellant's subsequent work history as support for the conclusion that the appellant's medical conditions were amenable to control. ID at 13. Thus, the administrative judge properly considered the appellant's ability to work for his family business in concluding that the appellant did not show an inability to provide useful and efficient service in his former government position.

¶11    The appellant, moreover, restates that he was awarded social security disability benefits by the Social Security Administration (SSA). PFR File, Tab 1 at 2. To the extent that the appellant is claiming that the administrative judge did not properly consider the SSA award, he is mistaken. The administrative judge explicitly addressed the appellant's receipt of SSA benefits in the initial decision. ID at 13-14. Although the Board must consider SSA decisions in adjudicating disability retirement cases, it is not bound by such decisions. *Givens v. Office of Personnel Management*, 95 M.S.P.R. 120, ¶ 9 (2003). Additionally, where there is no indication as to the basis for the SSA determination, the determination is not a significant factor in deciding an OPM disability retirement appeal. *See Confer*, 111 M.S.P.R. 419, ¶ 6. Because the basis for the appellant's SSA award in this appeal was unclear, *see* ID at 13-14, the administrative judge properly considered the SSA award to be of little probative value.

¶12    Although the appellant asserts on review that the agency could not provide him with reasonable accommodations, PFR File, Tab 1 at 2, we need not address this claim because he failed to establish that he was unable, because of disease or injury, to render useful and efficient service in his former position, *see* 5 U.S.C.

§ 8451(a)(1)(B); *Guthrie v. Office of Personnel Management*, 105 M.S.P.R. 530, ¶ 13 (2007) (arguments about accommodation need not be considered when the appellant did not demonstrate that she had a disabling condition that would require any accommodation). Likewise, we need not address whether the appellant established the other eligibility requirements for disability retirement, i.e., whether the disabling medical condition was expected to continue for at least 1 year from the date the disability retirement benefits application was filed, and whether the appellant declined an offer of reassignment to a vacant position. *See* 5 C.F.R. § 844.103(a).

¶13     In conclusion, we find that the appellant has not provided a reason to disturb the administrative judge's decision affirming OPM's denial of the appellant's application for disability retirement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:     _____

             William D. Spencer
             Clerk of the Board

Washington, D.C.